Sosman, J.
Plaintiff Scott Lazo filed the present action complaining that one or more employees of defendant Town of Southbridge accessed and disseminated confidential criminal offender record information pertaining to plaintiff in violation of G.L.c. 6, Section 172. Plaintiff contends that that information was then given to a reporter, who researched the court dockets and then printed a news story about plaintiffs record. Plaintiff seeks to compel the reporter and a colleague of his to divulge the identity of the individual who gave the paper the CORI information. The reporters have refused to divulge their source, contending that they have a privilege to protect the source’s anonymity.
Facts
In February 1990 plaintiff Scott Lazo was a member of the Town Council for the Town of Southbridge. He had recently declared his candidacy for state representative. Lazo had had bitter disagreements in the past with a political rival, one Bernard Haggerty. Haggerty was actively supporting Lazo’s opponent in the campaign for state representative.
Haggerty’s son, Brian Haggerty, was an officer on the Town’s police force. On the evening of February 18, 1990, Brian Haggerty requested Officer Duane Ledoux to use the department’s computer to access and print CORI information pertaining to Lazo. Ledoux did so, and gave the printout to Officer Haggerty. Sometime thereafter, Bernard Haggerty saw a record pertaining to Lazo’s docket numbers and dispositions.
On the evening of February 20, 1990, reporter Harold Gushue of the Worcester Telegram & Gazette was shown a list of court docket numbers. The individual who showed this list to Gushue requested that Gushue not divulge his identity.
The next day, Gushue gave the docket numbers to a fellow reporter, Richard Nangle, who went to Dudley District Court and looked up the case files with those docket numbers. From those files, Nangle obtained details of two criminal cases from the early 1980’s in which Lazo had been found guilty of assault and battery.
On February 23, 1990, the Worcester Telegram & Gazette ran an article that recited Lazo’s criminal history. The article did not identify the person who had provided the paper with the docket numbers for Lazo’s cases, but did state that “[i]nformation about Lazo’s record was given to the Telegram & Gazette by a local political adversary on condition of anonymity.”
During the investigation into this matter, State Police attempted to interview Officer Brian Haggerty. Brian Haggerty decline to speak with the investigators. The State Police then interviewed Bernard Haggerty. Bernard Haggerty acknowledged that he had seen a record of dispositions and docket numbers pertaining to Lazo. He avoided answering questions about his *420 son, Brian Haggerty, obtaining CORI information via Officer Ledoux. When asked if he was the source who had given information on Lazo’s record to the paper, Haggerty responded that he would “prefer not to say.”
The present action commenced, and Lazo subpoenaed both Gushue and Nangle for deposition. At their depositions, Gushue and Nangle refused to disclose the identity of the person who had provided the paper with the docket numbers for Lazo’s cases. Lazo now moves to compel both witnesses to answer questions pertaining to the identity of this source. To date, Lazo has not deposed either Brian Haggerty or Bernard Haggerty.
Discussion
Gushue and Nangle contend the court should uphold their privilege not to disclose their source. In determining whether or not these reporters should be required to divulge the identity of their source, the court must balance the interest in access to evidence against the public interest in protecting the free flow of information. Sinnott v. Boston Retirement Board, 402 Mass. 581, 586 (1988).
As part of that balancing test, the court must consider the reason(s) for needing to know the precise identity of the source. Id. at 587. In the context of the present case, the identity of the persons involved in acquiring and disseminating the CORI information is critical to plaintiffs claim against the Town. At present, there is evidence (via the statement of Officer Ledoux) linking Brian Haggerty to the wrongful accessing of CORI information. What is missing at present is the link between Officer Haggerty’s wrongful accessing of that information and the ultimate newspaper article that caused damage to Lazo. While there is strong reason to suspect that Officer Haggerty acquired the CORI information at the request of or as part of a joint venture with his father so that the information could be leaked to the press, that connection between misconduct on the part of Town employees and the ultimate publication of Lazo’s record has not been established by any direct evidence. In Lazo’s claim against the Town for violation of CORI, the identity of the precise individuals involved is critical.
Lazo’s need for the information must be weighed against the public interest in the free flow of information. That interest is particularly strong when the media is reporting on candidates for public office, such as Lazo. However, on the facts of this case, the “free flow” of information to the press was itself part of the violation of G.L.c. 6, Section 172. Under the statute, criminal offender record information is to be seen by only certain persons for certain specified uses. If someone has improperly accessed the information, the statute expressly prohibits any further dissemination of the information: “Any individual or agency, public or private, that receives or obtains criminal offender record information, in violation of the provisions of this statute, whether directly or through any intermediary, shall not collect, store, disseminate or use such criminal offender record information in any manner or for any purpose.” G.L.c. 6, Section 172 (emphasis added). Thus, assuming that the anonymous source had obtained Lazo’s CORI docket numbers in violation of the statute, the transmittal of that information to Gushue was a further violation of the statute. The transmittal of the information to the press would itself be a criminal offense. See G.L.c. 6, Sec. 178.
While there is public interest in encouraging the free flow of information to news reporters and through reporters to the public at large, there is also a strong public interest in preventing the disclosure of wrongfully obtained CORI information to the press. This is not a case where the reporter merely learns of information from a confidential source pertaining to some other crime or some matter of public interest. The transmittal of the CORI information to Gushue was in all likelihood, itself a criminal offense on the part of the anonymous source. The public interest in identifying that violator is high.
However, before ordering Gushue and Nangle to disclose the source’s identity, the court must also be satisfied that other avenues of identifying this person have been pursued without success. See Sinnott, 402 Mass. at 587. Plaintiff has not deposed either Bernard Haggerty or Brian Haggerty. While plaintiff anticipates that they will invoke their Fifth Amendment rights and refuse to answer, it remains possible that one or the other will now testify as to what he knows. Although that avenue may not hold great promise, it must first be pursued before this court will order Gushue and Nangle to reveal what they know about the identity of the person who provided them with Lazo’s CORI information.[1] Accordingly, the motion to compel will be denied at this time, with leave to renew in the event that depositions of Brian Haggerty and Bernard Haggerty fail to reveal the identity of the individual who gave Gushue the docket numbers for Lazo’s cases.
ORDER
For the foregoing reasons, plaintiffs motion to compel is denied without prejudice.

Gushue and Nangle argue that Lazo should also be required to depose the other members of the Southbridge police force before compelling disclosure from the reporters. There is no reason to expect that other police officers would have direct knowledge of what contact either Brian or Bernard Haggerty had with the media or of who else may have transmitted the information to the press.